# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANET LOTT, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CV-935-XR |
| | § | |
| KENEDY INDEPENDENT SCHOOL DISTRICT; VELMA GARZA, FRANK NIETO, LEO VALERIO AND TONY MEJIA, Individually and in their capacity as trustees, | § | |
| *Defendants*. | § | |

## ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT

On this day the Court considered Plaintiff's Motion for Leave to Amend the Prayer in Plaintiff's First Amended Complaint. (Docket Entry No. 70). Having considered Plaintiff's motion, Defendants' response, and the pleadings on file, the Court GRANTS Plaintiff's motion.

## Background

Defendant Kenedy Independent School District hired Plaintiff Janet Lott, a white female, in 1991, and named her "interim business manager" in 2002. She claims that the school district hired a less qualified Hispanic candidate, whom she replaced following that individual's resignation. Lott claims that the District's Board of Trustees reconsidered her employment contract and decided not to renew the contract on February 12, 2007. Lott claims that the four Hispanic trustees, Defendants Velma Garza, Frank Nieto, Leo Valerio, and Tony Mejia, engaged in "discriminatory 'block voting.'" On March 29, 2007, Lott's appeal of that vote resulted in the four Hispanic trustees voting to uphold her non-renewal and the three Anglo trustees voting against upholding the non-renewal. Ms. Lott claims that the Defendants have not offered a legitimate, non-discriminatory reason for the vote to

uphold the non-renewal.

**Parties' Arguments**

Janet Lott seeks to amend the prayer of her complaint in which she requests:

E. An award to Ms. Yarter [Lott's previous counsel] for reasonable attorneys' fees and costs, including but not limited to expert witness fees, as provided in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(k), 42 U.S.C. Section 1981A, 42 U.S.C Section 1988 and as provided under state law;
F. An award to Ms Lott of pre-judgment and post-judgment interest on any awards at the highest rate allowed by law; and
G. Such other and further relief as this Court deems just and appropriate.

(Pl.'s 1st Am. Compl.). Lott seeks to amend the prayer out of concern that "it limits the award of attorney's fees to the exclusion of all attorneys that have represented Plaintiff throughout her pursuit of her claims against Defendants from the internal administrative process, through EEOC and now litigation." (Pl.'s Mot. for Leave to Amend Prayer in Pl.'s 1st Am. Compl. 2, Jan. 15, 2010 [Docket Entry No. 70].)

Defendants argue that Lott has not shown good cause to warrant the amendment and that they would be "prejudiced by the granting of Plaintiff's Motion . . . ." (Def.s' Resp. to Pl.'s Mot. to Amend Prayer in Pl.'s 1st Am. Compl. 3, Jan. 25, 2010 [Docket Entry No. 72].) They stated that "they were not on notice of such claims when they prepared and took Plaintiff's deposition, and they therefore understandably did not question Plaintiff about such claims." (*Id.*)

**Legal Standard**

The time to amend pleadings as established in the Scheduling Order has expired. (*See* Scheduling Order, Feb. 18, 2009 [Docket Entry No. 28].) Rule 16(b) governs the amendment of pleadings after a scheduling order deadline has expired. FED. R. CIV. P. 16(b)(4); *S&W Enters., L.L.C. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). To determine whether to extend the

2

scheduling order deadline, a Court considers: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 536). Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave. *S&W Enterps.*, 315 F.3d at 536; *see also* FED. R. CIV. P. 15(a).

## Analysis

Here, the Court notes that Plaintiff's new counsel began her representation of Janet Lott on December 1, 2009, and filed this motion early within the tenure of her representation. The Court recognizes the importance of the amendment as the language used in the Amended Complaint would fail to give effect to the statutory provisions upon which Lott bases her prayer for relief. Important to the Court's analysis is that Defendants can claim no reasonable prejudice to allowing the amendment. Lott's amendment asserts no new claims nor any new substantive basis for relief. Every statutory provision cited in Plaintiff's proposed amendment is present in Plaintiff's existing complaint. Lott's proposed amendment clarifies and gives effect to the statutory provisions cited in the existing complaint. No discovery was or is warranted regarding this amendment. As a result, the Court finds good cause to warrant these minor amendments to the prayer of Plaintiff's complaint, which is in line with the intent of the statutory provisions upon which Lott bases her claims for attorney's fees and expert witness fees.

## Conclusion

There being good cause, Plaintiff's motion for leave to amend the prayer in her first amended

complaint is GRANTED.

It is therefore ORDERED that Plaintiff shall file an amended complaint that contains the modification to the prayer outlined in this order no later than February 2, 2010, to which Defendants may file an Answer within the deadlines established in the Federal Rules of Civil Procedure.

It is so ORDERED.

SIGNED this 26th day of January, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE